UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-CR-20057 |
| DOMINGO FRANCISCO-JUAN, LORENZA DOMINGO-CASTANEDA, and CATARINA DOMINGO-JUAN, | ) ) ) ) ) |
| Defendants. | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT CATARINA DOMINGO-JUAN'S MOTION TO SEVER AND RESPONSE TO DEFENDANTS' OBJECTIONS TO CONTINUANCE OF THE TRIAL DATE**

Comes now, the United States of America, by and through Gregory K. Harris, United States Attorney for the Central District of Illinois, Kristen Clarke, Assistant Attorney General, and the undersigned counsel, and hereby respectfully files its opposition to defendant Catarina Domingo-Juan's Motion to Sever (the "Motion") and response to defendant Lorenza Domingo-Castaneda's and defendant Catarina Domingo-Juan's Objections to the Motion to Continue Trial filed by Domingo Francisco-Juan and respectfully requests this Court deny the Motion to Sever and address objections to a continuance of the trial date. As grounds the government states the following:

**BACKGROUND**

The three defendants were indicted together, in a single indictment, on August 16, 2022 for multiple charges, including conspiracy to commit kidnapping and conspiracy to

commit forced labor. Each defendant is charged in at least one of the conspiracy offenses.

The defendants in this case are siblings. Between January 2016 and March 2021, the defendants and others conspired to bring the two minor victims from Guatemala to the United States to work in their homes providing childcare, cooking, and cleaning, and to work outside their homes in hotels, factories, and a restaurant. The defendants used false promises of a better life and an education to gain the permission of the victims' mothers for their minor daughters to be brought to the United States. Victim 3 also was lured to travel to the United States by her then boyfriend, a fourth sibling to the defendants. Like the defendants, he promised Victim 3 a better life in the United States. None of these promises were true, however, and once in the United States, the defendants forced all three victims to work in their homes and at nearby businesses. The defendants used physical force and/or sexual abuse, as well as other means of coercion, to compel the victims' labor. The defendants all benefited from the victims' labor in their home and profited from their work outside of the home by confiscating their salaries.

After the Indictment was filed, the Court set a jury trial for defendants Catarina Domingo-Juan and Lorenza Domingo-Castaneda to begin on February 14, 2023. The trial date for Domingo Francisco-Juan was initially set for December 13, 2022, with both parties understanding that this was not a "firm" trial date. At that time, codefendant Domingo Francisco-Juan was represented by appointed counsel Chris Amero. On November 8, 2022, attorney Monroe McWard, filed a notice of appearance on behalf of Domingo Francisco-Juan. Subsequently, on November 15, 2022, the court entered an order substituting Mr. McWard for Mr. Amero as counsel for Domingo Francisco-Juan.

Then, on December 2, 2022, Court held a status check hearing regarding Domingo Francisco-Juan, at which time the court set the new trial date of February 14, 2023, so that all indicted defendants could be tried together on the same date.  Just over one month later, Domingo Francisco-Juan moved the Court to continue the trial date, citing substantial discovery that must be reviewed to effectively present a defense.  Defendants Catarina Domingo-Juan and Lorenza Domingo-Castaneda have filed oppositions to this request to continue trial; the government did not oppose the request.  The Court ordered the government to respond to the two defendants' opposition to continuance of the trial.  On January, 13, 2023, defendant Catarina Domingo-Juan filed the instant Motion to Sever.  Subsequently, the court ordered the government to incorporate its response to the Motion to Sever into its response to the opposition to continuance of the trial date.

## ANALYSIS:  MOTION TO SEVER

1. **Defendant Catarina Domingo-Juan's Motion Is Not Ripe**

Citing only *Zafiro v. United States*, a case in which the Supreme Court affirmed that defendants were not entitled to severance because they had not shown they would suffer specific prejudice from a joint trial, defendant Catarina Domingo-Juan argues that severance is appropriate because continuance of the trial would violate her right to a speedy trial pursuant to the Speedy Trial Act.  As an initial matter, the instant Motion will not be ripe for review until the Court has ruled on codefendant Domingo Francisco-Juan's Motion to Continue as, without a continuance, there is no potential violation of speedy trial rights.

**2. A Continuance Will Not Violate Defendant's Rights Under the Speedy Trial Act**

Even if the Court were to grant the request to continue, the continuance would not violate defendant's rights under the Speedy Trial Act and, accordingly, would not prejudice defendant. Where multiple defendants are charged together and no severance has been granted, one speedy trial clock governs all defendants. 18 U.S.C. § 3161(h)(7); *United States v. Fuller*, 306 Fed. Appx. 297, 299 (7th Cir. 2009) (citing *Henderson v. United States*, 476 U.S. 321 (1986)). The Speedy Trial Act contains numerous provisions permitting the tolling of the 70-day period, including the excusable delay of a codefendant and delay resulting from any pretrial motion. 18 U.S.C. § 3161(h). In addition, delays due to continuances granted by the court do not violate the Speedy Trial Act "if the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial[,]" though the court must state on the record its ends-of-justice reasoning. 18 U.S.C. § 3161(h)(7)(A); *Zedner v. United States*, 547 U.S. 489, 509 (2006).

In this case, codefendant Domingo Francisco-Juan's request for a continuance is based on the voluminous amount of discovery involved in this case. Indeed, discovery is not only voluminous but includes materials in multiple languages. Furthermore, this case is particularly serious and complex, involving three defendants, three victims, and nine charges, including multiple conspiracies continuing over a period of several years. Additionally, Domingo Francisco-Juan's attorney only began his representation in November 2022, giving him several fewer months to prepare for trial than the attorneys for codefendants Catarina Domingo-Juan and Lorenza Domingo-Castaneda.

Accordingly, even if the Court were to grant the request for a continuance, the delay resulting from the continuance would be ascribed to all codefendants and properly excluded under 18 U.S.C. §§ 3161(h)(6) and (h)(7). *See United States v. O'Connor*, 656 F.3d 630, 642 (7th Cir. 2011) (where a court makes findings that a delay serves the ends of justice and outweighs the interests of the public and defense in a speedy trial, such delay is excluded from the seventy-day clock under the Speedy Trial Act); *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) (an excusable delay as to one defendant "may be ascribed to all codefendants in the same case" in any speedy trial analysis).

3. **A Continuance Will Not Violate Defendant's Constitutional Right to a Speedy Trial**

Although defendant has not asserted a violation of her Sixth Amendment right to a speedy trial, a continuance in this context would not violate this constitutional right. Whether there has been a violation of this right requires a fact-intensive balancing of "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992); *United States v. Koller*, 956 F.2d 1408, 1413 (7th Cir. 1992). The length of delay "is not so much a factor . . . as it is a threshold requirement: without a delay that is presumptively prejudicial, we need not examine other factors." *United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009). A one-year delay is presumptively prejudicial. *See United States v. Saenz*, 623 F.3d 461, 464 (7th Cir. 2010).

In this case, because the Court has not yet ruled on the Motion to Continue or set a new trial date, it is not possible to determine whether this one continuance will be presumptively prejudicial. In addition, as noted above, this case is particularly serious and complex, involving three defendants, two victims, nine charges including multiple conspiracies continuing over a period of several years. Given the seriousness and complexity of the case, delay resulting from an initial continuance granted at a codefendant's request likely is not presumptively prejudicial. *See Barker v. Wingo*, 407 U.S. 514, 530-31 (1972) (finding that the length of delay that may be presumptively prejudicial depends on the peculiar circumstances of the case and "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge"); *Saenz*, 623 F.3d at 464 (noting that the complexity of the case is relevant in assessing whether a delay is presumptively prejudicial); *United States v. Cope*, 312 F.3d 757, 777-78 (6th Cir. 2002) (finding a nearly 9-month delay was not presumptively prejudicial in a "serious" and "complex" case involving two defendants, eleven charges, and multiple allegations of attempted murder).

   4. **Defendant Has Not Established Specific Prejudice Necessary to Warrant Severance**

Even if the Motion were ripe, defendant has not made a showing of specific and substantial prejudice that would warrant severance. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (affirming district court's decision to deny motions to sever where defendants failed to articulate specific instances of substantial prejudice resulting from joint trial). Federal Rule of Criminal Procedure Rule 8(b) allows for the indictment to

"charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). A court may sever defendants if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. There is a strong preference for joint trials of defendants who are indicted together as they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (internal citation omitted); *see also United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987) ("There is a strong interest in joint trials of those who engaged in a criminal enterprise. Joint trials reduce the expenditure of judicial and prosecutorial time; they reduce the claims the criminal justice system makes on witnesses…; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague…A joint trial gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome.").

Where defendants have been properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "In considering a motion for severance, the trial judge should give deference to the strong public interest in having persons jointly indicted tried together, particularly where, as here, a conspiracy is charged and may be proved by evidence that arises out of the same act or series of acts." *United States v. Percival*, 756 F.2d 600, 610 (7th Cir. 1985) (internal

citation omitted); *see also United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006) ("In all but the most unusual circumstances, the risk of prejudice arising from a joint trial is outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all."); *United States v. Jett*, 908 F.3d 252, 276 (7th Cir. 2018) (recognizing that the "prevailing preference" for trying codefendants together is "especially strong" where coconspirators are indicted together). To warrant severance, the prejudice to the defendant must be "substantial," "undue," and "compelling." *United States v. Warner* 971 F.2d 1189, 1196 (6th Cir. 1992). A defendant bears the "bears the heavy burden of making a 'strong showing of factually specific and compelling prejudice'" that would result from a joint trial. *United States v. Winkle*, 2021 U.S. Dist. LEXIS 213447 at *8 (S.D. Ind. Nov. 4, 2021) (quoting *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990)).

The Seventh Circuit and its district courts have repeatedly rejected arguments for severance on the basis of a violation of speedy trial rights. In *United States v. Thomas*, the defendant argued that his speedy trial rights were violated where trial occurred eighteen months after indictment. 933 F.3d 685, 694-95 (7th Cir. 2019). In *Thomas*, part of the delay related to defendant's own request for a continuance, while part was attributable to an irreconcilable conflict of interest where codefendant's counsel also represented a government witness. The trial court continued trial to allow the codefendant to obtain new counsel and declined to grant defendant's motion to sever on speedy trial grounds. The Seventh Court affirmed, citing the Supreme Court's finding in *Barker v. Wingo* that "ten months of detention before trial did not rise to the level of serious prejudice" and

stating that defendant "has failed to demonstrate any significant impairment in his defense as a result of the delay." *Thomas*, 933 F.3d 685, 694-95 (7th Cir. 2019); s*ee also United States v. Brooks*, 2021 U.S. Dist. LEXIS 110847 (N.D. Ill. June 14, 2021) (in a narcotics distribution conspiracy case, denying defendant's motion to sever based, in part, on alleged violation of speedy trial rights where the time between arraignment and trial totaled approximately four years); *United States v. Ellington*, 2020 U.S. Dist. LEXIS 174649 (N.D. Ind. Sept. 23, 2020) (denying defendant's motion to sever based, in part, on alleged violation of speedy trial rights); *United States v. Ballard*, 2018 U.S. Dist. LEXIS 112939 (C.D. Ill. July 6, 2018) (denying defendant's motion to sever based on alleged violation of speedy trial rights where delay was partly due to appointment of new counsel to codefendant). Other circuits also have rejected similar arguments. *See, e.g., United States v. Logan*, 1999 U.S. App. LEXIS 16966 at *49 (6th Cir. July 19, 1999) (rejecting argument that defendant's speedy trial rights were violated when the trial court granted a codefendant's motion for continuance and denied defendant's motion to sever, stating defendant made "no showing that the delay resulting from [the continuance] hindered his ability to prepare his defense or substantially prejudiced his case. Moreover, a defendant's right to speedy trial is not violated by the grant of a continuance in a joint trial where one defendant requests a reasonable time to undergo a mental examination. 18 U.S.C. § 3161(h)(1)(A)."); *United States v. Schlegel*, 687 Fed. App'x 26 (2d Cir. 2017) (affirming trial court's denial of motion to sever based, in part, on alleged compromise of defendant's right to a speedy trial where time between indictment and trial was 3.5 years).

In this case, codefendant Domingo Francisco-Juan's Motion to Continue is the first request to continue the trial in this case. Defendant has not articulated any way in which a continuance would impair her defense at trial or otherwise prejudice her in any way. *See Zafiro*, 506 U.S. at 539. Should the Court grant the request to continue and state its ends-of-justice reasoning on the record, the continuance would not violate defendant's rights or otherwise prejudice defendant under the Speedy Trial Act or the Sixth Amendment and, accordingly, there would be no basis for severance. *See id.* Furthermore, defendant has made no other showing that she would suffer "substantial," "undue," and "compelling" prejudice in a joint trial. *Warner* 971 F.2d at 1196. Accordingly, the Court should deny defendant's Motion.

## ANALYSIS: RESPONSE TO OBJECTIONS TO CONTINUACE OF THE TRIAL DATE

As discussed above, a continuance of the trial date will not violate defendants' speedy trial rights. The Supreme Court has expressed a strong preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("[j]oint trials play a vital role in the criminal justice system" because "[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts") (internal quotes and citation omitted). The Seventh Circuit has echoed this preference, noting the efficiency of joint trials and repeatedly stressing that it is appropriate to consider the interests of judicial economy consistency of verdicts, and systematic efficiency when ruling on any request for severance. *See United States v. Morales*, 655 F.3d 608, 624 (7th Cir. 2011) (citing *Zafiro v. United States*, 506 U.S.

534 (1993); *United States v. Caliendo*, 910 F.2d 429, 437 (7th Cir. 1990) (noting that the presumption in favor of joint trials may not overshadow the need to ensure that each defendant receives a fair trial). The preference for joint trials is particularly powerful where, as here, the defendants are charged in the same conspiracy. *Caliendo,* 910 F.2d at 437. In this case, a joint trial will serve both the interests in maximizing judicial economy and in guaranteeing a fair trial to all parties. The defendants were correctly joined and should be tried together.

Section 3161(h)(6) makes excludable "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under § 3161(h)(6), an exclusion as to one defendant applies to all codefendants. In addition, the Act excludes from the seventy-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Defendants who are joined for trial generally fall within the speedy trial computation of the last arraigned defendant. *United States v. Fuller*, 306 Fed. Appx. 297, 299 (7th Cir. 2009) (citing *Henderson v. United States*, 476 U.S. 321 (1986)); *see also United States v. Adams*, 625 F.3d 371, 377-78 (7th Cir. 2010). It is well established under 18 U.S.C. § 3161(h)(6) that the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance. *United States v. Dennis*, 737 F.2d 617, 620-21 (7th Cir. 1984), *cert. denied,* 469 U.S. 868 (1984); *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991). Excludable delay attributable to a codefendant under § 3161(h)(6) is

limited to "[a] reasonable period of delay." *Dennis* 737 F.2d at 621. However, a determination of what is "reasonable" should be conducted in light of the strong congressional preference for joint trials, to achieve judicial and prosecutorial economy, and intent that § 3161(h)(6) be liberally construed. *Id.*; *see also United States v. Culpepper*, 898 F.2d 65, 68 (6th Cir. 1990); *United States v. DeJesus*, 887 F.2d 114, 116 (6th Cir. 1989); *United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987); *United States v. Novak*, 715 F.2d 810, 814-15 (3d Cir. 1983).

Thus, one factor in determining reasonableness is whether the delay was necessary to conduct a joint trial. *Id.*; *see also United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) ("The utility of a joint trial is particularly compelling . . . [when] the government could be expected to 'recite a single factual history, put on a single array of evidence, and call a single group of witnesses.'") Another factor is whether the defendant moved for a severance from his delay-causing codefendant(s). 18 U.S.C. § 3161(h)(6). This factor is discussed in full above. A third factor used by courts in deciding whether delay caused by a codefendant is reasonable is whether the delay resulted in actual prejudice to the defendant. *See, e.g., United States v. Stephens*, 489 F.3d 647, 653 n.10 (5th Cir. 2007); *Franklin*, 148 F.3d at 457 ("With respect to the prejudice analysis, relevant considerations include whether the delay impaired the appellant's ability to defend himself or resulted in excessive pretrial incarceration."). "Prejudice is caused by delays intended to hamper defendant's ability to present his defense." *United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005) (quoting *United States v. Wiehoff*, 748 F.2d 1158, 1160 n. 2 (7th Cir.1984)). Further, the mere passage of time, without more, is not dispositive. *United States v.*

*Salerno,* 108 F.3d 730, 738 (7th Cir. 1997); *see also Barker v. Wingo,* 407 U.S. 514, 532, 534 (1972); *Dennis,* 737 F.2d at 621 (finding that the 144–day delay before defendant's trial was not "presumptively prejudicial" under *Barker v. Wingo).* Finally, whether the delay was reasonable will depend on the facts of each case. *Dennis* 737 F.2d at 621; s*ee also Salerno*, 108 F.3d at 737 (17-month delay due to sentencing and other posttrial motions filed by codefendants reasonable); *United States v. Davenport*, 935 F.2d 1223, 1236-38 (11th Cir. 1991) (7-month delay due to continuances obtained by codefendants reasonable); *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990) (15-month delay due to codefendant's motion reasonable); *United States v. Culpepper*, 898 F.2d 65, 68 (6th Cir. 1990) (3-month delay due to court's consideration of codefendant's plea agreement reasonable); *United States v. Tobin*, 840 F.2d 867, 869-70 (11th Cir. 1988) (8-month delay due to fugitive codefendant reasonable).

All three defendants are charged in the same Indictment with conspiracy to commit forced labor and conspiracy to commit kidnapping, among other charges. The Indictment alleges that all three defendants knowingly and voluntarily acted in concert over multiple years to further a jointly-held purpose and their actions constituted the various federal crimes charged. This is a complex and serious case involving multiple codefendants and victims. Here a continuance is permissible and the delay necessary and excludable from Catarina Domingo-Juan's and Lorenza Domingo-Castaneda's 70-day speedy-trial period under § 3161(h)(6) to conduct a joint trial. Should the defendants be tried separately, the government would have to present the same evidence of the charges in trying each defendant. This includes presenting the testimony of three

traumatized victims, two of whom are minors, who would have to relay the details of the abuse they suffered on more than one occasion in open court. Additionally, the government would have to bring witnesses from Guatemala to the United States for multiple trials. The court would need to provide interpreters for multiple trials.

Finally, a delay to allow counsel for Domingo Francisco-Juan to review discovery and adequately prepare for trial is reasonable, given the volume of discovery, the fact that multiple languages are used in the discovery, and the seriousness and complexity of the case. Because any continuance likely will be only a few months, such a delay, given all the facts and circumstances of this case, is reasonable.

In addition, the ends of justice served by granting a continuance to allow the defendant Domingo Francisco-Juan's attorney time to prepare for trial outweigh the best interest of the public and defendants Catarina Domingo-Juan and Lorenza Domingo-Castaneda in a speedy trial under § 3161(h)(7)(A). Therefore, this Court should overrule the objections to continuance of the trial date and continue the trial to allow counsel for defendant Domingo Francisco-Juan to effectively prepare a defense.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny defendant Catarina Domingo-Juan's Motion to Sever and overrule defendant Catarina Domingo-Juan's and Lorenza Domingo-Castaneda's objections to continuance of the trial date.

Respectfully Submitted,

GREGORY K. HARRIS
UNITED STATES ATTORNEY

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By: */s/ Kate A. Alexander*
Kate A. Alexander
Trial Attorney
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
Ph: (202) 532-3373
Email: kate.alexander@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all parties of record.

By: */s/ Kate A. Alexander*
Kate A. Alexander
Trial Attorney