**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-20057 |
| | ) | |
| LORENZA DOMINGO-CASTANEDA, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO**</u>
<u>**DEFENDANT'S MOTION FOR PRE-TRIAL RELEASE**</u>

COMES NOW the United States of America, by Gregory K. Harris, United States Attorney for the Central District of Illinois, and Trial Attorneys Kate Alexander and Christina Randall-James, and Assistant United States Attorney Bryan Freres, and hereby files its response in opposition to defendant Lorenza Domingo-Castaneda's Motion for Pre-Trial Release. R. 57. For the reasons stated herein, defendant's motion should be denied.

1.      On June 11, 2021, in a companion case, the United States charged defendant Lorenza Domingo-Castaneda (hereinafter "defendant") via criminal complaint with fraud and misuse of visas, permits and other documents in violation of Title 18, United States Code, Section 1546, and with illegal re-entry after prior deportation in violation of Title 8, United States Code, Section 1326. *United States v. Domingo-Castaneda*, Case No. 21-20037, R. 1. The United States requested that the defendant be detained pending further

1

proceedings. *Id.* at D.E. 6/11/21. After several continuances of the detention hearing, and with the defendant temporarily detained pending the hearing, the defendant filed a motion for bond. *Id.* at R. 10. That motion argued that the defendant was pregnant and at risk from COVID-19 and that she had a third-party custodian and therefore she should be released on bond. *Id.* This Court held the original detention hearing on July 6, 2021. *Id.* at D.E. 7/6/21. As part of the hearing this Court considered the proffers of evidence and arguments from the parties, including the arguments from the defendant that the defendant was pregnant, was an important part of her family, and was purportedly at risk from COVID-19 if detained. *Id.* D.E. 7/6/21. After hearing the arguments, this Court denied the defendant's motion for bond and ordered the defendant detained because she was a risk of nonappearance at any future court proceedings. *Id.* R. 12; D.E. 7/6/21.

2.      On July 8, 2021, a grand jury in the Central District of Illinois returned an indictment charging the defendant with the same two charges alleged in the original criminal complaint. *Domingo-Castaneda*, Case No. 21-20037, R. 13.

3.      On January 18, 2022, the defendant filed a second motion for release from custody. *Domingo-Castaneda*, Case No. 21-20037, R. 22. This second motion was virtually identical to the defendant's original motion for bond. *Compare id.* at R. 22, *with id.* at R. 10. On January 27, 2022, this Court denied the defendant's second motion for bond because she failed to provide any new information that was not already considered at the original detention hearing. *Id.* at R. 25.

4.      On August 16, 2022, a grand jury in the Central District of Illinois returned an indictment against the defendant in this case charging her with conspiracy to commit

forced labor in violation of Title 18, United Sections 1594(b) and 1589(a); forced labor in violation of Title 18, United States Code, Sections 1589(a), 1589(d), 1594(a) and 2; kidnapping in violation of Title 18, United States Code, Sections 1201(a)(1), 1201(b), 1201(d), 1201(g) and 2; and conspiracy to commit kidnapping in violation of Title 18, United States Code, Sections 1201(c) and 1201(a)(1). R. 9. On August 22, 2022, this Court arraigned the defendant on the new charges. D.E. 8/22/22. With this Court's detention order still in place in the companion case, the defendant elected to waive her detention hearing. *Id.*

5.      On May 17, 2023, the defendant filed her third motion for pretrial release from custody. R. 57. This motion does not offer any new information, it simply rehashes the same arguments the defendant presented in her previous two motions for bond and at the prior detention hearing.

6.      Title 18, United States Code, Section 3142(g) sets forth the factors courts shall consider when determining whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Those factors include: the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). This Court previously weighed those factors and found there were no conditions that would ensure the defendant's appearance at future court hearings. The only thing

that has changed since those findings is that the defendant has now also been charged with far more serious offenses in this proceeding.

7.     Once a detention order is entered, the Court may only reopen a detention hearing under the Bail Reform Act "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f); *United States v. Gay*, Case No. 4:20-CR-40026-JES-JEH, 2020 WL 5983880, at *2-3 (C.D. Ill. Oct. 7, 2020) (refusing to reopen detention hearing without new material information and collecting cases for support).

8.     The defendant's role in her family (among many other factors) was addressed during the initial detention hearing in the companion case. The defendant waived her detention hearing in this case based on the detention order in the companion case. There is no new material information in the defendant's most recent motion that suggests this Court should reopen the detention proceedings. *E.g., Gay*, 2020 WL 5983880, at *2-3. As such, the defendant's motion should be denied without any new hearing. *Id.*; *United States v. Tingle*, 2016 WL 6715515, at *3 (S.D. Ind. Nov. 15, 2016) (denying defendant's motion to reopen the detention hearing because the defendant "was aware of his medical conditions at the time of the detention hearing and his conditions have no bearing on the issue of whether there are conditions of release that would assure the safety of any other person and the community"), *aff'd on other grounds*, 880 F.3d 850 (7th Cir. 2018); *United States v. Hundley*, 2008 WL 2566748, at *2 (N.D. Ind. June 24, 2008)

4

(denying motion to reopen detention hearing to allow for rehabilitation and physical therapy after a knee surgery that occurred prior to the detention hearing, finding this information was "not newly discovery evidence.").

9.      Should the Court find grounds and/or reason to reopen the hearing, the United States would simply re-proffer the original information, as well as the details of the defendant's involvement in the forced labor and physical and sexual abuse of two minor females as recounted in the indictment in this case. The defendant was also involved in stealing the identities of United States citizens and using that information to further the abuse of the minors. The evidence against the defendant on the current charges is overwhelming. She has no lawful status in the United States, and during the entire time she has lived here she has been involved in identity theft and human trafficking. While she claims in her present motion that there were no formal violations of her court supervision in her misdemeanor battery case, that assertion ignores that her conduct in *this case* was ongoing throughout the time her court supervision was active. In other words, release on court supervision did not prevent her involvement in the abuse of the young girls in this case. The defendant is not only a risk of nonappearance as this Court previously found, but also a danger to the community even in her own home.

10.     In sum, there is no reason or basis to reopen the detention hearing because the defendant offers no information that was unknown during the original detention hearing, during any of her previous motions for bond, or at the time of her waiver of a detention hearing in this case. There still is nothing that suggests release is appropriate. The defendant's actions and behavior while in the United States have caused permanent

harm to multiple victims, and her skills with identity theft and lack of lawful status render her a serious flight risk.  The defendant's motion should be denied.

## <u>CONCLUSION</u>

For the reasons stated herein, defendant Lorenza Domingo-Castaneda's Motion for Pre-Trial Release should be denied.

Respectfully submitted,

GREGORY K. HARRIS
UNITED STATES ATTORNEY


*/s/ Bryan D. Freres*
Bryan D. Freres
U.S. Attorney's Office
201 S. Vine Street, Ste. 226
Urbana, IL 61802
Telephone: 217/373-5875
Bryan.Freres@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Josh Adams and Jacob Briskman.

<em><u>/s/ Bryan D. Freres</u></em>